# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

DOUGLAS F. EIGEMAN,

    Plaintiff,

v.

PEPPERMILL CASINOS, INC.,

    Defendant.

3:11-CV-219-RCJ-RAM

**ORDER**

Currently before the Court are Defendant Peppermill Casinos, Inc.'s Motion to Dismiss Plaintiff Douglas Eigeman's Title VII Claim (#7) and Plaintiff's Motion for Appointment of Counsel (#12).

## BACKGROUND

In March 2011, Plaintiff Douglas F. Eigeman filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in this Court. (Compl. (#4) at 1). He alleged that Defendant Peppermill Casinos, Inc. ("Defendant" or "Peppermill") violated Title VII and the Age Discrimination Employment Act ("ADEA"). (*Id.* at 4). Plaintiff alleged the following. He was 68 years old and the Peppermill had discriminated against him based on age by denying him the equal terms and conditions of his employment and by discharging him. (*Id.* at 13). He had worked as an internal auditor at the Peppermill from June 11, 2007, through August 18, 2009. (*Id.*). Plaintiff had three supervisors, Barbara Santavasci, Erik Fields, and David Mueller. (*Id.*). Fields had given Plaintiff an outstanding review on June 11, 2009. (*Id.*). Mueller had not given Plaintiff a very good review for the jobs Mueller had reviewed of Plaintiff's in July and August. (*Id.*). After Plaintiff tried to explain to Mueller that the items Mueller was criticizing Plaintiff on were

1  not material, Mueller began to retaliate. (*Id.*). On August 17, 2009, Mueller refused to talk with
2  Plaintiff. (*Id.*). That same day, Mueller called casino security and told them that Plaintiff was
3  threatening him. (*Id.*). Mueller and the human resources representative, Michelle Manning,
4  had fired Plaintiff based on a lie that Plaintiff had threatened Mueller. (*Id.*). Plaintiff thought
5  Defendant had fired him because his health insurance was too expensive due to his age. (*Id.*).
6  Previously, Mueller had told Plaintiff that he and Manning were trying to get Santavasci fired.
7  (*Id.*). The Peppermill dismissed Santavasci the month she turned sixty-six. (*Id.*). None of
8  Plaintiffs' three supervisors–Fields, Mueller, or Santavasci–had ever disciplined him. (*Id.*).
9  Plaintiff sought relief in the amount of $170,832.81, his salary computed at what he was
10 earning at the time Defendant dismissed him. (*Id.* at 9).

11 On December 29, 2010, the U.S. Equal Employment Opportunity Commission ("EEOC")
12 issued Plaintiff a right to sue letter. (*Id.* at 40). Plaintiff alleged that he had tried to contact
13 four law firms but they had refused to represent him. (*Id.* at 39).

## LEGAL STANDARD

15 When considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the
16 court must accept as true all factual allegations in the complaint as well as all reasonable
17 inferences that may be drawn from such allegations. *LSO, Ltd. v. Stroh*, 205 F.3d 1146, 1150
18 n.2 (9th Cir. 2000). Such allegations must be construed in the light most favorable to the
19 nonmoving party. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). In general, the
20 court should only look to the contents of the complaint during its review of a Rule 12(b)(6)
21 motion to dismiss. However, the court may consider documents attached to the complaint or
22 referred to in the complaint whose authenticity no party questions. *Id.*; *see Durning v. First*
23 *Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

24 The analysis and purpose of a Rule 12(b)(6) motion to dismiss for failure to state a
25 claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th
26 Cir. 2001). The issue is not whether a plaintiff will ultimately prevail but whether the claimant
27 is entitled to offer evidence to support the claims. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246,
28 249 (9th Cir. 1997) (quotations omitted). To avoid a Rule 12(b)(6) dismissal, a complaint does

not need detailed factual allegations; rather, it must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. Daimler Chrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007)); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (stating that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"). Even though a complaint does not need "detailed factual allegations" to pass muster under 12(b)(6) consideration, the factual allegations "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555, 127 S.Ct. at 1965. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, ___ U.S. at ___, 129 S.Ct. at 1949. "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Id.* (quoting *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should "freely give" leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Fed. R. Civ. P. 15(a)(2); *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

**DISCUSSION**

**I.    Motion to Dismiss Plaintiff's Title VII Claim (#7)**

Defendant moves to dismiss Plaintiff's Title VII claim because the complaint is devoid of any factual allegations to support a Title VII claim. (Mot. to Dismiss (#7) at 2). Defendant recognizes that Plaintiff's complaint states that he lost his job because of his age, but asserts that Plaintiff has made no allegations with respect to race, color, religion, sex, or national

1 origin. (*Id.*). Additionally, Defendant asserts that Plaintiff only filed an age discrimination
2 charge with the EEOC and, thus, he is barred by the statute of limitations from filing an
3 amended charge of Title VII discrimination. (*Id.* at 3).

4   Plaintiff did not file a response to the motion to dismiss.

5   Defendant files a reply and requests that this Court grant its motion to dismiss pursuant
6 to Local Rule 7-2(d). (Reply to Mot. to Dismiss (#13) at 1).

7   In this case, Defendant is correct that Plaintiff has failed to make any allegations to
8 support a Title VII claim. Title VII makes it unlawful for an employer "to discharge any
9 individual . . . because of such individual's race, color, religion, sex, or national origin." 42
10 U.S.C. § 2000e-2(a)(1). In the complaint, Plaintiff alleges that he was discharged based on
11 his age. As such, Plaintiff states a claim for age discrimination under the ADEA. *See* 29
12 U.S.C. § 623(a) (stating that it is unlawful for an employer to discharge an individual because
13 of such individual's age). Accordingly, the Court grants the motion to dismiss Plaintiff's Title
14 VII claim (#7) without leave to amend. *See Sommatino v. United States*, 255 F.3d 704, 707
15 (9th Cir. 2001) (holding that a plaintiff must first exhaust her administrative remedies in order
16 to bring a Title VII claim in district court); (*see* Compl. (#4) at 13 (stating that Plaintiff only
17 presented his age discrimination claim to the EEOC and Nevada Equal Rights Commission)).

18 **II.   Plaintiff's Motion for Appointment of Counsel (#12)**

19   Plaintiff, who has been granted *in forma pauperis* status, seeks a court-appointed
20 attorney. (Mot. for Appt of Counsel (#12) at 1).

21   Based on the statutes and case law, the Court does not have any discretion to appoint
22 Plaintiff an attorney based on his remaining ADEA claim. The Ninth Circuit has held that there
23 is no constitutional right to appointed counsel for employment discrimination claims. *Ivey v.*
24 *Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). Nevertheless, Title VII
25 authorizes a district court to appoint counsel "in such circumstances as the court may deem
26 just." 42 U.S.C. § 2000e-5(f)(1). However, the ADEA has no such provision. *See* 29 U.S.C.
27 §§ 621-634. Thus, the Court does not have discretion to appoint Plaintiff an attorney in this
28 case. As such, the Court denies Plaintiff's motion for an appointment of counsel (#12).

4

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that Defendants' Motion to Dismiss Plaintiff's Title VII Claim (#7) is GRANTED without leave to amend.

IT IS FURTHER ORDERED that Plaintiff's Motion for Appointment of Counsel (#12) is DENIED.

Dated:  This 9th day of September, 2011.

_____
United States District Judge